FILED
SEP 2 5 2019
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SAMUEL CHACON MENCHACA, JR., TDCJ No. 02100131, | § § § |
| Petitioner, | § § |
| v. | §  Civil No. SA-18-CA-01272-FB |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § |
| Respondent. | § § |

## MEMORANDUM OPINION AND ORDER

Before the court are *pro se* petitioner Samuel Chacon Menchaca, Jr.'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) and respondent's Answer (ECF No. 20). Having reviewed the record and pleadings submitted by both parties, the court concludes petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

### I. Background

In October 2016, petitioner plead guilty to two counts of delivery of a controlled substance (methamphetamine) in a drug free zone. (ECF No. 21-11 at 45-50, No. 21-21 at 39-44). Pursuant to the plea bargain agreement, petitioner pled "true" to the enhancement paragraphs contained in the indictment and waived his right to appeal. *Id.* As a result, petitioner was sentenced to thirty-five years of imprisonment in each case, which the sentences to run concurrently. *State v. Menchaca, Jr.*, Nos. A-15427 and A-15428 (216th Dist. Ct., Kerr Cnty., Tex. Oct. 27, 2016); (ECF No. 21-11 at 62-63, No. 21-21 at 55-56).

Despite waiving the right to appeal, petitioner was allowed to proceed on direct appeal and was appointed counsel. Petitioner's counsel filed an uncontested *Anders* brief stating that the record presented no arguably meritorious grounds for review. (ECF No. 21-13). Following an independent review of the record, the court of appeals agreed with counsel that the appeal was frivolous and affirmed the judgment of the trial court. *Menchaca, Jr. v. State*, Nos. 04-16-00775-CR and 04-16-00776-CR (Tex. App.—San Antonio, Dec. 13, 2017, no pet.) (ECF No. 21-2). Petitioner did not attempt to appeal this decision by filing a petition for discretionary review with the Texas Court of Criminal Appeals (TCCA).

Instead, petitioner challenged his convictions by filing two state habeas corpus applications on May 16, 2018, which the TCCA denied without written order July 25, 2018. *Ex parte Menchaca, Jr.*, Nos. 88,626-01, -02 (Tex. Crim. App.) (ECF Nos. 21-24 through 21-27). Then, on November 25, 2018, petitioner filed two more state habeas corpus applications challenging his convictions. *Ex parte Menchaca, Jr.*, Nos. 88,626-03, -04 (Tex. Crim. App.) (ECF Nos. 21-29, 21-31). In these applications, petitioner raised the same allegations that are now before this court: (1) his guilty pleas were involuntary due to counsel's failure to research the law and maps concerning drug fee zones, (2) the State suppressed evidence and maps of the drug free zone, (3) counsel failed to suppress evidence obtained without search warrants, and (4) counsel failed to file a motion to quash the enhancements to his sentence. On February 13, 2019, the TCCA dismissed petitioner's third and fourth state habeas applications as subsequent writs pursuant to Tex. Code. Crim. Proc. Art. 11.07, Sec. 4(a)-(c). (ECF Nos. 21-28, 21-30).

Petitioner filed the instant federal habeas petition with this court on November 30, 2018, shortly after filing his subsequent state habeas applications. (ECF No. 1). Because of the pendency of the subsequent state proceedings, the court granted petitioner's request to hold these

2

proceedings in abeyance until the TCCA has ruled on the subsequent applications. (ECF No. 5). Following the dismissal of petitioner's third and fourth state habeas applications, the court lifted the stay and ordered respondent to respond to petitioner's allegations. On May 1, 2019, respondent filed an answer to petitioner's federal habeas petition, arguing that each of the claims raised by petitioner are barred from federal habeas review by the procedural default doctrine. (ECF No. 20). Respondent did not respond to the merits of petitioner's allegations. *Id.*

## II. Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA. 28 U.S.C.A. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was

3

unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

### III. Analysis

#### A.     Claims 1, 2, and 4 are Procedurally Defaulted.

In his first and second state habeas applications, petitioner raised several allegations concerning the voluntariness of his guilty plea and the effectiveness of his trial counsel. With the exception of Claim 3 regarding counsel's failure to suppress evidence obtained without search warrants, however, the claims now raised in petitioner's federal habeas petition all assert different facts and allege different errors by counsel than the claims raised in petitioner's first two state habeas applications. In other words, petitioner did not exhaust Claims 1, 2, and 4 during this first round of state habeas proceedings. *See Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001) ("It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made.") (citation omitted). Instead, these claims were raised for the first time in petitioner's third and fourth state habeas

4

application where they were rejected by the TCCA pursuant to a valid state procedural rule. As such, they are subject to denial by this court as procedurally defaulted.

Procedural default occurs where a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that state procedural rule provides an independent and adequate ground for the dismissal. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991); *Canales v. Stephens*, 765 F.3d 551, 562 (5th Cir. 2014) (citing *Maples v. Thomas*, 565 U.S. 266, 280 (2012)). The "independent" and "adequate" requirements are satisfied where the state court clearly indicates that its dismissal of a particular claim rests upon a state ground that bars relief, and that bar is strictly and regularly followed by the state courts. *Roberts v. Thaler*, 681 F.3d 597, 604 (5th Cir. 2012) (citing *Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir. 2001)). This doctrine ensures that federal courts give proper respect to state procedural rules. *Coleman*, 501 U.S. at 750-51.

Here, the TCCA refused to consider Claims 1, 2, and 4 when petitioner raised them for the first time in his third and fourth state habeas applications, dismissing the applications as subsequent under Texas Code of Criminal Procedure Article 11.07 § 4(a)-(c). (ECF Nos. 21-28, 21-30). That statute, codifying the Texas "abuse of the writ" doctrine, has repeatedly been held by the Fifth Circuit to constitute an "adequate and independent" state procedural ground that bars federal habeas review. *Ford v. Davis*, 910 F.3d 232, 237 (5th Cir. 2018) (citation omitted); *Canales v. Stephens*, 765 F.3d 551, 566 (5th Cir. 2014); *Smith v. Johnson*, 216 F.3d 521, 523 (5th Cir. 2000); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995).

Consequently, petitioner is precluded from federal habeas review of these claims unless he can show cause for the default and resulting prejudice, or demonstrate that the court's failure to consider his claim will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at

750-51; *Busby v. Dretke,* 359 F.3d 708, 718 (5th Cir. 2004). In his petition and supplemental briefing, petitioner did not attempt to demonstrate cause and prejudice to excuse the default, and petitioner did not file a reply to respondent's Answer asserting the procedural default doctrine. Nor has petitioner made any attempt to demonstrate that the court's denial of the claim will result in a "fundamental miscarriage of justice." Thus, circuit precedent compels the denial of petitioner's Claims 1, 2, and 4 as procedurally defaulted.

**B.** **Claim 3 Was Waived by Petitioner's Voluntary Guilty Plea.**

Petitioner's third ground for relief asserts that his plea counsel was ineffective for failing to suppress video evidence obtained by the State without search warrants. Petitioner appears to assert that the evidence in question was obtained by violating his right to be free from unreasonable searches and seizures and that counsel was ineffective for not filing an objection. As discussed below, Petitioner waived this allegation by entering a knowing, intelligent, and voluntary guilty plea. Moreover, this allegation was raised and rejected on the merits by the state court during petitioner's original state habeas proceedings. Because the state court's rejection of the claims was neither contrary to, nor an unreasonable application of, Supreme Court precedent, federal habeas relief is denied.

It is axiomatic that a guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf,* 545 U.S. 175, 183 (2005); *United States v. Hernandez,* 234 F.3d 252, 254 (5th Cir. 2000). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States,* 523 U.S. 614, 618 (1998) (internal quotation marks omitted). And a plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *United States v. Amaya,* 111 F.3d 386, 389

(5th Cir. 1997). The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *United States v. Juarez*, 672 F.3d 381, 385 (5th Cir. 2012).

The record in this case indicates petitioner's pleas were a voluntary and intelligent choice and were not a result of any misrepresentation. Petitioner was represented by attorney Brett Ferguson at his plea agreement hearing who indicated his belief that petitioner was competent. (ECF No. 21-6 at 5). Petitioner stated he was satisfied with Mr. Ferguson's representation. *Id.* The charges, range of punishment, and plea agreement were then read to petitioner, who indicated that he had discussed the issues with counsel and understood the rights he was giving up. *Id.* at 6-15. Counsel confirmed he had been through these documents thoroughly with petitioner and that petitioner understood the documents he was signing. *Id.* Petitioner also admitted his pleas were being given knowingly and voluntarily and that he had ample time to discuss the matter with counsel. *Id.* Following this admission, the trial court concluded:

> All right. The Court will accept your pleas of guilt on both A15427 and A15428. The Court finds that both pleas were made knowingly and voluntarily with full opportunity to consult with counsel. And the Court finds that these pleas of guilt, along with—in conjunction with your stipulations of evidence on both cases, the Court finds there's sufficient evidence to find you guilty beyond a reasonable doubt. And the Court does hereby officially adjudicate your guilt and find you guilty beyond a reasonable doubt on both cases.

*Id.* at 15.

Petitioner's formal declarations in open court carry "a strong presumption of verity" and constitute a formidable barrier to any subsequent collateral attack. *United States v. Kayode*, 777 F.3d 719, 729 (5th Cir. 2014) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). But even without the in-court declarations, the voluntariness of petitioner's plea is demonstrated by petitioner's signature on the plea-bargain agreements themselves, entitled "Defendant's Plea of

7

Guilty, Waivers, Stipulations of Evidence and Admonishments." (ECF No. 21-11 at 45-50, No. 21-21 at 39-44). Among other things, the agreements state petitioner was represented by counsel, understood the nature of the charges against him, and entered the pleas freely and voluntarily. *Id.* Petitioner's signature on the guilty plea documents is *prima facie* proof of the validity of the pleas and is entitled to "great evidentiary weight." *Theriot v. Whitley*, 18 F.3d 311, 314 (5th Cir. 1994); *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (citing *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985)). Thus, because petitioner has not provided any evidence or argument that would overcome these "strong presumptions of verity," this court denies any allegation made by petitioner concerning the validity of his guilty pleas. *See Blackledge*, 431 U.S. at 74 (finding "[t]he subsequent presentation of conclusory allegations which are unsupported by specifics is subject to summary dismissal.").

Furthermore, by entering a knowing, intelligent, and voluntary guilty plea, a defendant waives all non-jurisdictional defects preceding the plea. *Tollett v. Henderson*, 411 U.S. 258, 265 (1973); *United States v. Scruggs*, 714 F.3d 258, 261-62 (5th Cir. 2013). This rule encompasses errors of constitutional dimension that do not affect the voluntariness of the plea, such as claims of governmental misconduct during the investigation and objections to searches and seizures that violate the Fourth Amendment. *United States v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002) (citations omitted). The waiver likewise includes claims of ineffective assistance of counsel unless the alleged ineffectiveness relates to the voluntariness of the guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (waiving claims of ineffective assistance, except for claims related to voluntariness of plea).

Here, petitioner appears to argue that his plea-bargain counsel, Mr. Ferguson, was ineffective because he did not attempt to suppress evidence obtained by the State prior to his plea

8

hearing. But petitioner fails to demonstrate how this alleged ineffectiveness relates in any way to the voluntariness of his guilty plea. Accordingly, petitioner's claim is waived by his knowing, voluntarily, and intelligent guilty pleas. Federal habeas relief is therefore denied.

## IV. Certificate of Appealability

The court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id.* In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack*, 529 U.S. at 484). In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

9

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the court concludes that jurists of reason would not debate the conclusion that petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## V. Conclusion and Order

After careful consideration, the court concludes that Claims 1, 2, and 4 raised by petitioner are procedurally defaulted and barred from federal habeas review. The court also concludes that the state court's rejection of petitioner's remaining allegation, Claim 3, on the merits during his original state habeas corpus proceedings was neither (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, nor (2) based on an unreasonable determination of the facts in light of the evidence presented during petitioner's state trial and appellate proceedings. As a result, petitioner's federal habeas corpus petition does not warrant relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and petitioner Samuel Chacon Menchaca, Jr.'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3. All other motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the  25th  day of September, 2019.

FRED BIERY
UNITED STATES DISTRICT JUDGE